UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
Peter Philip DiRosa and
Eileen F. DiRosa

Chapter 7

Debtors

Case No. 05-22571

Peter Philip DiRosa and )
Eileen F. DiRosa )
                                )
         Movants      )
                                )
     v. )
                                )
Tae Kuen Lee, Refinance America, Ltd., )
and Chase Manhattan Bank )
                                )
         Respondents   )
                                )

**APPEARANCES:**

Fatima T. Lobo, Esq.
Lobo & Associates. LLC, 280 Adams Street, Manchester, CT 06040
Counsel for Movants - Debtors

Glenn T. Terk, Esq.
Law Office of Glenn T. Terk, 81 Wolcott Hill Road, Wethersfield, CT 06109
Counsel for Respondent Tae Kuen Lee

**MEMORANDUM OF DECISION**

KRECHEVSKY, U.S.B.J.

I.

This proceeding involves a contested motion ("the motion") filed by Peter Philip DiRosa, Jr. and Eileen DiRosa ("the debtors") to avoid, pursuant to Bankruptcy Code

§522(f)[1] and Fed. R. Bankr. P. 4003[2], the following judicial liens encumbering the debtors' home known as 451 Vernon Street, Manchester, Connecticut ("the home"):

    a) A Judgment Lien in favor of Tae Kuen Lee in the original principal balance of $200,000.00 with a present balance of $100,000.00 dated January 8, 2003 and recorded on January 22, 2003 at Volume 2561, Page 29 of the Manchester Land Records; and

...

    c) A Judgment Lien in favor of Refinance America, Ltd. in the original amount of $7,063.59 damages, recorded November 17, 2003 in Volume 2777, Page 94 of the Manchester Land Records;

...

    e) A Judgment Lien in favor of Chase Manhattan Bank in the original amount of $36,063.31 damages, plus $301.30 costs dated March 11, 2005 and recorded March 14, 2005 in Volume 3034, Page 350 of the Manchester Land Records.

The court held a hearing on the motion on March 14, 2006[3] at which the debtors and the objecting lienholder Tae Kuen Lee ("Lee") each presented the testimony of a qualified real estate appraiser to establish the fair market value of the home on July 29, 2005, the date on which the debtors filed their Chapter 7 joint petition. The parties stipulated that, as of the petition date, the balance due on a first mortgage on the home

---

[1] 11 U.S.C. § 522(f)(1) states:
    Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
    (A) a judicial lien ....

[2] Fed. R. Bankr. P. 4003(d) states:
    A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014.

[3] The motion was originally filed on November 7, 2005, and continued thereafter from time to time to permit appropriate service on the lienholders and then to await the issuance of a discharge to the debtors.

2

was $246,830. In the debtors' Amended Schedule C (Property Claimed as Exempt), the debtors claimed an exemption of $35,774 in the home.

## II.

Both appraisers based their valuations of the home on the comparable sales approach. The debtors' appraiser valued the home at $277,500, as adjusted to the petition filing date. This appraiser had made both exterior and interior inspections of the home. Lee's appraiser valued the home at $325,000, although he conceded that he had made no interior inspection of the home. For this reason the court gives greater credibility to the debtors' appraiser's valuation. After reviewing the written appraisals introduced into evidence, the court concludes the that fair market value of the home is $290,000.

## III.

Bankruptcy Code § 522(f)(1) permits a debtor to avoid the fixing of a judicial lien on debtor's property "to the extent that such lien impairs an exemption to which the debtor would have been entitled...." Subparagraphs (f)(2)(A) and (B) provide:

> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
> (i)　the lien;
> (ii)　all other liens on the property; and
> (iii)　the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

In accordance with §522(f)(2), the judgment liens impair the debtors' exemption

to the extent that they exceed, as of the petition date, the value of the home, reduced by the mortgage and the debtors' claimed exemption, i.e., to the extent they exceed $7,396, calculated as follows:

| | |
|---|---:|
| Value of the Home | $290,000 |
| - Mortgage Balance | - $246,830 |
| - Exemption | - $35,774 |
| Maximum Judgment Lien Remaining | $7,396 |

Applying the preceding calculation to avoid judgment liens on the home starting with that having the lowest priority, the court concludes that the judgment liens of Chase Manhattan Bank and Refinance America are avoided in their entirety, and that the judgment lien of Lee is avoided to the extent that it exceeds $7396.

IV.

Judgment shall enter in accordance with the foregoing discussion. It is SO ORDERED.

Dated at Hartford, Connecticut this 27th day of November, 2006.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

4